UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS ELECTRICAL                         CIVIL ACTION
PENSION FUND, *et al.*

VERSUS                                         No. 06-1216

KNIGHT ENTERPRISES OF
LOUISIANA, L.L.C., *et al.*                    SECTION:  I/2

## ORDER

Before the Court is the motion for summary judgment filed by plaintiffs, New Orleans Electrical Pension Fund, New Orleans Electrical Health and Welfare Fund, New Orleans Electrical Joint Apprenticeship and Training Fund, National Electrical Benefit Fund, NECA-IBEW National Labor-Management Cooperation Committee Trust Fund, International Brotherhood of Electrical Workers Local 130, AFL-CIO, and International Brotherhood of Electrical Workers-COPE Fund.[1]

The remaining defendant, Al Knight, d/b/a Knight Enterprises ("Knight"),[2] has not made any appearance in this lawsuit, however.  Knight has not filed an answer to plaintiffs'

---

[1] Rec. Doc. No. 7.

[2] On June 8, 2006, the Court granted plaintiffs' motion to dismiss Knight Enterprises of Louisiana, L.L.C., as a defendant.

complaint,[3] nor has he filed any response to plaintiffs' motion for summary judgment.  Plaintiffs' recourse, then, is to move for the entry of a default judgment against Knight.

Accordingly, and with the consent of counsel for plaintiffs,

**IT IS ORDERED** that plaintiffs' motion for summary judgment is **DISMISSED** without prejudice to plaintiffs' right to timely refile their motion once defendant has made an appearance in the case.[4]

**IT IS FURTHER ORDERED** that plaintiffs shall move forward with their attempt to obtain the entry of a default judgment against defendant **within 10 days of the filing of this order**.

New Orleans, Louisiana, June __8th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[3]Plaintiffs allege that, on March 29, 2006, they received correspondence from Knight conceding that he owed plaintiffs the sums they are pursuing.  *See* Rec. Doc. No. 7, Pls. Ex. N.  The letter indicates that a copy was sent to the Clerk of Court and states that it is a "response" to plaintiffs' complaint.  This letter, however, was never filed into the record and does not, contrary to plaintiffs' assumption, suffice as a proper answer pursuant to Rule 10 of the Federal Rules of Civil Procedure.

[4]Counsel are advised that, prior to filing any future motion for summary judgment, including a motion for partial summary judgment, counsel shall schedule and appear for a status conference before this Court at which time the motion will be discussed by all parties.  Counsel for any party may participate by telephone if the Court is furnished with a telephone number at least two working days prior to the conference.